FRED W. MARKWARD and AILEEN MARKWARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Markward v. Commissioner
Docket No. 8827-76.
United States Tax Court
T.C. Memo 1978-312; 1978 Tax Ct. Memo LEXIS 201; 37 T.C.M. (CCH) 1306; T.C.M. (RIA) 78312; August 11, 1978, Filed Fred W. Markward, pro se. Thomas E. Ritter, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent *202 determined a deficiency in the amount of $ 3,185.85 in petitioners' Federal income tax for 1973. The issues for decision are: 1. Whether petitioners are entitled under section 163(a) [1]/ to an interest deduction in the amount of $ 834.60 in excess of the amount allowed in the notice of deficiency. 2. Whether petitioners are entitled under section 212(2) to a repair and maintenance expense deduction in the amount of $ 2,912 in respect of property located in Barry County, Missouri.
3. Whether petitioners are entitled under section 167(a)(2) to a depreciation deduction in the amount of $ 2,500 in respect of improvements made to the Barry County, Missouri, property. FINDINGS OF FACT Petitioners Fred W. Markward and Aileen Markward, husband and wife, were legal residents of Grosse Pointe Shores, Michigan, when they filed their petition. Petitioners filed their joint Federal income tax return for 1973 with the Internal Revenue Service Center, Covington, Kentucky. 1. Interest Expense Deduction
In 1969, petitioners, *203 together with the sister and brother-in-law of Fred W. Markward (hereinafter Markward), purchased an 81-acre tract of unimproved land (hereinafter the Farwell property) in Barry County, Missouri, from Ray Farwell and Walter Farwell, and their wives. The Farwell property is situated in the southwestern corner of the State in a popular resort area. During 1973, Markward wrote checks in the amounts of $ 513.10 and $ 106.90 payable to Ray and Walter Farwell jointly. A notation "Interest Payment on Mtge." was written on the $ 513.10 check, and a notation "Interest Payment" was written on the $ 106.90 check. Markward's sister and brother-in-law did not contribute to these or any other payments made on the Farwell property. On their 1973 Federal income tax return, petitioners claimed an interest deduction of $ 5,084.60 for payments of interest on the mortgages on their Missouri property. Of this amount, $ 834.60 was claimed in respect of the Farwell property (the other $ 4,250 was claimed in respect of the property referred to in the following paragraph). 2. Repair and Maintenance Expense Deduction
In late May 1971, petitioner purchased from Dudley, Cornelia, and Gus *204 Oldham on a time basis a 180-acre parcel of improved land (the Oldham property)situated near the Farwell property. Located on this land were a house, a barn, and various other buildings. The house was not occupied during 1973. The petitioners were living in Michigan but they did not attempt to rent the property, Petitioners allowed a neighbor to graze his cattle on the land and the neighbor agreed to cut the grass on the property. During 1973 petitioners wrote checks totaling $ 3,500 to a realtor for use in maintaining their Barry County property. The realtor deposited the checks in a bank account and disbursed the money when needed for the repair and maintenance of the farm structures, fences, equipment, and the access road. On their 1973 Federal income tax return, petitioners claimed a deduction of $ 2,912 for these repair and maintenance expenses. 3. Depreciation Deduction
During 1973 petitioners expended $ 50,000 to cover the cost of improvements on their Missouri real estate. On their 1973 Federal income tax return, they claimed a $ 2,500 depreciation deduction in respect of these improvements. In his notice of deficiency, respondent disallowed $ 834.60 of *205 the interest expense deduction, the $ 2,912 repair and maintenance expense deduction, and the $ 2,500 depreciation deduction. OPINION 1. Interest Expense Deduction
Section 163(a) allows a deduction for "all interest paid or accrued within the taxable year on indebtedness." Section 1.163-1(b), Income Tax Regs., in pertinent part, provides that: Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon the bond or note secured by such mortgage, may be deducted as interest on his indebtedness. Petitioners argue that they were the owners of the Farwell property during 1973 and are entitled to the claimed $ 834.60 interest expense deduction. Respondent challenges petitioners' contention. In the alternative respondent argues that petitioners failed to adequately substantiate the interest payments. Although the issue is not free from doubt, we think petitioners are entitled to an interest expense deduction for 1973 in respect of the Farwell property. Petitioners offered in evidence a deed showing that Markward owned the 180-acre parcel, and respondent allowed the $ 4,250 *206 mortgage interest deduction. Petitioners did not have similar documentation to support Markward's testimony that he also purchased the 81-acre Farwell tract, but they introduced in evidence a trust deed, dated June 27, 1969, which they and Markward's sister and brother-in-law signed to secure the unpaid balance of the purchase price. Markward paid all the purchase price, and we understand from his testimony that his relatives relinquished any interest they might have had and bought other property in the area. We think petitioners were the legal or equitable owners of the property from 1969 through at least 1973. However, petitioners offered evidence of interest payments totaling only $ 620, and their interest expense deduction must be limited to that amount. To clarify our holding, we note that there was a great deal of uncertainty in the testimony as to whether petitioners owned a 64-acre parcel of unimproved land adjacent to the Farwell property. Markward testified that he purchased the 64-acre tract from A. W. Farwell on a time basis and that he paid interest relating to that property in 1973. We do not decide the question of ownership of the 64-acre tract. The only canceled *207 checks in evidence were made payable to Ray and Walter Farwell, jointly, and we think those checks covered interest on the purchase price of the 81-acre Farwell tract. 2. Repair and Maintenance Expense Deduction
The repair and maintenance expense deduction of $ 2,912 was claimed on petitioners' 1973 Federal income tax return pursuant to section 212(2). That section provides that a deduction will be allowed for all "ordinary and necessary expenses paid or incurred during the taxable year * * * for the management, conservation, or maintenance of property held for the production of income." If the property is held for the production of income, expenses incurred for the management, conservation, and maintenance of the property will be allowed even though the property is currently unproductive and even though there is uncertainty whether the property will ultimately be sold at a profit. Sec. 1.212-1(b), Income Tax Regs.[2]/ *208 We think petitioners have shown that they held the Oldham property for the production of income in the form of a profit on its resale. Respondent argues that petitioners did not have an investment motive but rather purchased the Oldham property with the idea that they would eventually live there when they retired.To substantiate his argument, respondent points out that the land was vacant and unproductive during 1973. Under respondent's argument, the disputed expenses would be nondeductible personal expenditures. Petitioner testified, however, that his purpose in buying the property was to realize profit on its resale. We have no reason to doubt that this was his true purpose. With regard to the possibility of retiring on the land, petitioner testified as follows: I perhaps considered it vaguely at one time, retiring in the area, because at times when I visited down there to look over the property, I was quite taken with it, and with its beauty and so forth, but that was not the purpose in buying this property. At another point he testified: THE COURT: Did you have any such [retirement] plans during the year 1973, which we have before the Court? THE WITNESS: Yes, *209 I did, but it doesn't concern this property. There is a development in--if I may go a little further--in Arkansas, which was--this development is a Holiday Island, the McCoullagh Development. It's about 20 miles from the properties in question, so we bought a lot on this property and thought, well, if sometime we should retire down there, and we'll undoubtedly build on this place. I'm sure we wouldn't want to try and maintain a 180 acre farm. Even though petitioners held the Oldham property for investment purposes, they did not prove they incurred repair and maintenance expenses in the full amount of $ 2,912.We are, nevertheless, satisfied that petitioners incurred some expenses for those purposes. In such circumstances, we are required to make an approximation of the allowable amount in accordance with our best judgment. Cohan v. Commissioner,39 F.2d 540, 543-544 (2d Cir. 1930). Bearing heavily upon petitioners, "whose inexactitude is of * * * [their] own making," we find that petitioners are entitled to a repair and maintenance expense deduction for 1973 in the amount of $ 1,500. Cohan v. Commissioner,supra at 544. 3. Depreciation *210 Deduction
Petitioners claimed on their 1973 Federal income tax return a depreciation deduction pursuant to section 167(a)(2) in the amount of $ 2,500 calculated on improvements of $ 50,000 made to the Barry County, Missouri, property. We think they are entitled to this deduction. Section 167(a)(2) allows a deduction for the "exhaustion, wear and tear * * * of property held for the production of income." The phrase "property held for the production of income" encompasses property held for investment. Respondent does not question petitioners' calculation of their depreciation deduction. Rather respondent relies on the argument that petitioners did not purchase the Farwell and Oldham properties for investment purposes. We have rejected that argument with respect to petitioners' repair and maintenance expense deduction, and we reject it here. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.
2. /Sec. 1.212-1. Nontrade or nonbusiness expenses. (b) The term "income" for the purpose of section 212 includes not merely income of the taxable year but also income which the taxpayer has realized in a prior taxable year or may realize in subsequent taxable years; and is not confined to recurring income but applies as well to gains from the disposition of property. * * *↩